**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 18-cr-201-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(2) ANDY SELTZER,

    Defendant.

---

**RECOMMENDATION REGARDING DEFENDANT'S MOTION**

**FOR INDEPENDENT EXAMINATION OF DRUG EVIDENCE**

---

This matter comes before the Court on Defendant's motion for independent examination of drug evidence (D. 151).[1] The Government responded (D. 176). Consent pursuant to the Grand Junction Western Slope Protocol was withdrawn and this motion is referred pursuant to 28 U.S.C. 636 (b)(1)(B) and any party may object, in writing, to this recommendation within fourteen (14) days. *See* D. 106.[2] The Court has reviewed the pending motion and response. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.

---

[1] "(D. 151)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. *See also* Fed. R. Crim. P. 59 (a) & (b).

Defendant moves for an order authorizing an independent examination of the drug evidence seized by the arresting officers in this case—specifically requesting examination for quality and percentage. The Government responds noting that it has provided the applicable testing data in its custody or control (D. 176, p. 2). The Government also notes, correctly, that while there are some instances in which a Defendant may obtain independent testing by arranging for an expert examination by a certified laboratory, that no such arrangements are outlined here. The Court notes that this failing may be because, at the time this motion was docketed, Defendant was proceeding *pro se*. Defendant is no longer proceeding *pro se* and now has Counsel who has an ability to muster CJA resources for independent testing when necessary. To date, Defendant, through Counsel, has made no such request.

Further, Defendant cites as his sole reason for a re-test that "the government states it [the drugs] is 99% pure. This is very hard to believe . . ." (D. 151-1). While the Defendant may find that level of purity hard to believe, he does not currently raise any credible argument as to the reliability of the Government's test.

Therefore, it is respectfully recommended that the current motion be DENIED WITHOUT PREJUDICE.

It is ORDERED that the Defendant is afforded twenty-one (21) days from the issuance of this recommendation to file a further request for independent testing, outlining the needed particulars, e.g., method of secure transmission of the evidence to the laboratory for security and chain of custody purposes, certification of the laboratory willing to conduct the testing, amount of the substance to be consumed during testing, and amount of time needed to conduct the test and

obtain the results.  The Government will then have fourteen (14) days to respond to the motion for consumptive testing.

Dated at Grand Junction, Colorado this July 2, 2020.

Gordon P. Gallagher

United States Magistrate Judge