**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 18-cr-201-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(2) ANDY SELTZER,

    Defendant.

---

### RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR PRE-TRIAL DETERMINATION OF ALLEGED CO-CONSPIRATOR STATEMENTS

---

This matter comes before the Court on Defendant's motion for pre-trial determination of alleged co-conspirator statements (D. 149).[1] The Government responded (D. 179). Consent pursuant to the Grand Junction Western Slope Protocol was withdrawn and this motion is referred pursuant to 28 U.S.C. 636 (b)(1)(B) and any party may object, in writing, to this recommendation within fourteen (14) days. *See* D. 106.[2] The Court has reviewed the pending motion and response. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.

---

[1] "(D. 149)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. *See also* Fed. R. Crim. P. 59 (a) & (b).

Defendant moves for pre-trial determination as to the admissibility of alleged co-conspirator statements.

The Court keeps in mind that, while Defendant filed the instant motion when he was proceeding *pro se*, Defendant is now represented by Counsel. The history of attorney representation is that Defendant was originally represented by Counsel (Defendant discharged two separate CJA attorneys earlier in the case) but then determined to proceed *pro se*. *See* D. 61/64 (discharging Attorney Shaffer) & D. 94/98 (discharging Attorney Stuart). Defendant moved to proceed *pro se* and the Court granted that request, albeit with the appointment of standby counsel, on September 25, 2019 (D. 98). That standby counsel, Richard Stuckey, Esq., was appointed through the CJA plan on 10/7/2019 (D. 99). On March 12, 2020, Defendant again requested to have counsel appointed (D 148). Counsel Stuckey—already familiar with the case due to his standby role—was formally appointed as CJA Counsel on March 25, 2020 and afforded seven (7) days to "adopt, withdraw, or supplement" any pending motion (D. 159). The Court notes that no supplementation occurred to Defendant's *pro se* motion—nor did the Defense respond to or correct the Government response (D. 179). While the Court is cognizant of the general charge to construe a *pro se* motion liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Defendant Seltzer is not proceeding *pro se* so that instruction is irrelevant.

The Government asserts that it does not intend to introduce co-conspirator statements pursuant to FRE 801(d)(2)(E) during the Government's case in chief (D. 179, p. 1). While the Government may attempt to introduce statements under other evidential theories, that is not the topic of this motion.

Thus, as there are no statements to address at this time, it is recommended that the motion be DENIED as MOOT.

Dated at Grand Junction, Colorado this July 2, 2020.

Gordon P. Gallagher

United States Magistrate Judge