IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
JUDGE CHRISTINE M. ARGUELLO

**Criminal Action No. 18-cr-00201-CMA-GPG**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JESSICA MONARREZ, and
**2. ANDY SELTZER,**

    Defendants.

----------------
and
----------------

Criminal Action No. 18-cr-00202-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DEAN SCHMID,
2. ANGELA SCHMID, and
4. ANDY SELTZER,

    Defendants.

**ORDER DENYING DEFENDANT SELTZER'S MOTION FOR RECONSIDERATION OF COURT ORDER ON SPEEDY TRIAL STATUTORY CLAIM**

This matter is before the Court on Defendant Andy Seltzer's Motion for Reconsideration of Court Order on Speedy Trial Statutory Claim. (Doc. # 226.) For the following reasons, the Court denies the Motion.

1

## I.  LEGAL STANDARDS

Litigants may raise motions for reconsideration "in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). "A motion to reconsider may be granted when a court has misapprehended the facts, a party's position, or the law." *Id*. (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012.

"A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Christy*, 739 F.3d at 539. Thus, "[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015) (citation omitted).

## II.  ANALYSIS

On September 9, 2020, this Court issued an Opinion and Order Adopting Recommendations and Denying Motions to Dismiss and to Sever ("September 9, 2020 Order"), in which it ruled on multiple motions filed by Defendants Seltzer and Schmid. *See generally* (Doc. # 218). In relevant part, the Court denied Mr. Seltzer's Motions to Dismiss for Speedy Trial Violations (Doc. ## 153, 259) after a comprehensive, nine-page analysis of the issues presented by the Motions to Dismiss (Doc. # 218 at 4–12). In the Instant Motion, Mr. Seltzer moves the Court to reconsider its decision to deny his Motion to Dismiss for Speedy Trial Violation (Doc. # 153) as to his statutory violation

2

argument in particular. Mr. Seltzer "specifically focuses on the time period from June 5, 2018, when co-defendant Jessica Monarrez filed her first motion to continue (Doc. No. 40), until October 9, 2018, when the motion to continue was granted (Doc. No. 52)." (Doc. # 226 at 1.)

In its September 9, 2020 Order, the Court explained that only 42 of the 70 available days have elapsed on Mr. Seltzer's statutory Speedy Trial clock under 18 U.S.C. § 3161(c) and that the clock remains tolled at present. Accordingly, the Court concluded that no violation of the statute has occurred. The Court analyzed as follows:

> Mr. Seltzer also asserts that he has not been brought to trial within the time frames established by the Speedy Trial Act, 18 U.S.C. § 3161. Generally speaking, that statute requires that a defendant be brought to trial within 70 days of his initial appearance, although those time limits are subject to tolling for a wide array of reasons. 18 U.S.C. § 3161(c), (e), (h).
>
> Mr. Seltzer's initial appearance was on April 5, 2018, but his statutory Speedy Trial clock did not begin running until the date the Indictment was unsealed, April 24, 2018. *See* 18 U.S.C. § 3161(c) (clock begins running from initial appearance or unsealing of indictment, "whichever date last occurs"). The clock was tolled as of June 5, 2018, the date that Ms. Monarrez moved to continue the trial date, 18-cr-201, #40, a request in which Mr. Seltzer joined (#42). *See* 18 U.S.C. §3161(h)(1)(D) (pendency of pretrial motion tolls clock). Thus, by the time of Ms. Monarrez's motion, a total of 42 days elapsed on Mr. Seltzer's Speedy Trial clock.
>
> Resolution of the motion to continue was apparently delayed by the parties' desire to conduct more investigation before setting a new trial date (#47, #49), and the motion was ultimately granted on October 9, 2018 (#52). A new trial date was set for April 1, 2019 and the Magistrate Judge made findings that excluded the time between "the first trial date [of July 2, 2018, see #21] and the trial set for April 1, 2019" in furtherance of the ends of justice. *See* 18 U.S.C. § 3161(h)(7)(b). Thus, the Speedy Trial clock remained tolled at 42 days through April 1, 2019.
>
> In February 2019, Mr. Seltzer moved to continue the trial date (#66), and the Magistrate Judge granted that motion, continuing to trial to July 1, 2019 and making findings excluding all time between April 1, 2019 and July 1, 2019 pursuant to the ends of justice. (#70). Thus, the clock remained tolled through July 1, 2019. On June 13, 2019, Mr. Seltzer

3

> again moved (#80) to continue the trial and the Magistrate Judge granted (#85) that motion, continuing the trial date to November 4, 2019 and again making findings pursuant to the ends of justice to exclude the intervening time from the Speedy Trial calculation.
>
> Accordingly, because only a total of 42 of the 70 available days have elapsed on Mr. Seltzer's statutory Speedy Trial clock under 18 U.S.C. § 3161(c), and the clock remains tolled at present, no violation of the statute has occurred. Thus, Mr. Seltzer's motion to dismiss the Indictment on Speedy Trial grounds is denied.

(*Id.* at 9–12.)

In his Motion for Reconsideration, Mr. Seltzer fails to demonstrate that the Court "misapprehended the facts, a party's position, or the law" in its September 9, 2020 Order. *See Christy*, 739 F.3d at 539 (citation omitted). He argues that "the Magistrate Judge in charge of the case 'took [co-defendant Jessica Monarrez's first Motion to Continue (Doc. # 40)] under advisement' on June 7, 2018, and therefore the situation was governed by 18 U.S.C. Sec. 3161 (h) (1) (H) . . . ." He avers that 30 days were excluded under the speedy trial 70-day clock as related to the Motion to Continue—from June 7, 2018, to July 7, 2018—when the clock began to run again. He argues that approximately 90 days ran on the 70-day clock because the Motion to Continue was not decided until October 9, 2018, and, therefore, that the indictment should be dismissed on statutory grounds.

The Court rejects this argument. Mr. Seltzer joined Ms. Monarrez and the Government in filing a Joint Speedy Trial Act Calculation on June 11, 2018. (Doc. # 46.) Therein, the parties jointly calculated, with regard to Mr. Seltzer, that the period of June 5, 2018 to July 25, 2018 was "[e]xcluded from Speedy Trial calculation due to pending pretrial motions. 18 U.S.C § 3161(h)(1)(D). (DKT #s 40, 42, 43, & 45)". (*Id.* at 2.) On July 26, 2018, CJA Attorney Daniel Shaffer appeared on behalf of Mr. Seltzer at a

4

hearing before Magistrate Judge Gallagher and "[a]ll [parties] requested more time to consider discovery and investigate." (Doc. # 47.) Accordingly, Judge Gallagher decided to not yet set a trial and Ms. Monarrez's Motion to Continue remained pending. *See* (*id.*). As the Court previously found, resolution of the Motion to Continue was delayed by the parties' desire to conduct more investigation before setting a new trial date. *See* (Doc. # 218 at 10) (citing Doc. ## 47, 49). Consequently, reconsideration of the Court's September 9, 2020 Order is not warranted.

### III.   CONCLUSION

For the foregoing reasons, Defendant Andy Seltzer's Motion for Reconsideration of Court Order on Speedy Trial Statutory Claim (Doc. # 226) is DENIED.

DATED:  October 9, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge